**Suresh M. VYAS, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–70337.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carolyn Piccotti, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM***

Suresh M. Vyas, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Even assuming that Vyas was credible, substantial evidence supports the IJ's decision that Vyas failed to demonstrate that the Indian government is unwilling or unable to protect him from religious persecution by a Muslim gang, where the Indian police arrested and killed the gang leader.

*** This disposition is not appropriate for publication and may not be cited to or by the

*Cf. Mashiri v. Ashcroft,* 383 F.3d 1112, 1119 (9th Cir.2004) (concluding that the petitioner demonstrated that the government was unable or unwilling to control the persecution where no action was taken by government to investigate anti-foreigner crime and country report indicated that police mistreated foreigners). Accordingly, we deny the petition for review on the asylum claim.

Because Vyas failed to demonstrate eligibility for asylum, he also fails to meet the higher burden under withholding of removal. *See Chanco v. INS,* 82 F.3d 298, 303 (9th Cir.1996).

This court will not address Vyas's eligibility under CAT because Vyas failed to exhaust his CAT claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

## PETITION FOR REVIEW DENIED.